UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 6:04-CV-01-KKC

DANIEL JOSEPH LEDFORD                                           PLAINTIFFS

v.                          **MEMORANDUM OPINION
                             AND ORDER**

MICHAEL McCANN, et al.                                          DEFENDANT

* * * * * * * * * *

This matter is before the Court on the Motion to Remand (Rec. No. 20) of the

Plaintiff, Daniel Ledford.

**I.      FACTS**

Plaintiff filed a civil complaint in Bell Circuit Court against Defendants Michael

McCann ("McCann") and CDG Management, L.L.C. ("CDG"), seeking both compensatory

and punitive damages from Defendants[1]. Plaintiff asserts claims of assault and battery as well

as tortuous infliction of emotional distress. Additionally, Plaintiff alleges vicarious liability

for such acts against McCann's employer, CDG, under the theory of *respondeat superior*.

Pursuant to 28 U.S.C. § 1441, Defendants removed Plaintiff's action, alleging

diversity of citizenship and an amount in controversy in excess of $75,000.00. After more

than one year of notice of such removal, Plaintiffs filed a Motion to Remand, asserting lack

of "diversity" jurisdiction. Specifically, Plaintiff asserts that the amount in controversy is less

than $75,000.00. In support of Plaintiff's Motion to Remand, the Court was provided with an

---

[1]Rule 8.01 of the Kentucky Rules of Civil Procedure prohibits a Plaintiff from citing a specific amount
of unliquidated damages.

affidavit advising:

> ...that I [Daniel Ledford] have consulted with my counsel and agree that damages do not exceed $75,000.00 and I will not accept an award greater than this amount.

(Rec. No. 20)

The issue, then, before this Court is whether the amount in controversy exceeds $75,000.00. If so, the federal jurisdictional requirements are met and the case remains in federal court. If the amount in controversy is less than $75,000.00, the case must be remanded.

## II.   ANALYSIS

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable if it could have initially been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). There is no dispute as to the diversity of the parties and, thus, the sole issue is whether, in light of Plaintiff's affidavit, the amount in controversy exceeds the amount of $75,000.00.

It is well-established law that, given the limited jurisdiction of federal courts, any doubts regarding federal jurisdiction should be construed in favor of remanding a case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967).   As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Ahearn v. Charter Tp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).

2

In determining the appropriateness of a remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn*, 100 F.3d at 453. The amount in controversy is assessed at the time of the removal notice. *Legg v. Continental Cas. Co.*, 2002 WL 31936740 at *2 (E.D. Mich. 2002) (unpublished opinion) (citing *Rogers*, 230 F.3d at 871)[2].

In *Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993), the Court held the burden is on the party seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Id.* at 158; *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)[3].   In the case at bar, Plaintiff alleges both compensatory and punitive damages for causes of actions that routinely exceed the jurisdictional requirement of $75,000.00. Specifically, in the state court complaint, Plaintiff alleges he was "placed...in fear of death or bodily injury" and that he was "willfully, maliciously, and intentionally struck...numerous times in the face, head, and body...and [was] slammed...to the ground on a concrete/asphalt surface...[causing]...the Plaintiff severe and permanent emotional and/or mental distress." Record No. 1, Notice of Removal, Att. 2, ¶¶ 6-7, 13. Additionally, Plaintiff asserts that he is entitled to punitive damages because such actions committed against him were allegedly a result of "...oppression, fraud, and/or malice." *Id.* at ¶ 17. Given the very nature of Plaintiff's claims, it *is* "more likely than not" that the

---

[2]*see also*, *Bush v. Roadway Express, Inc.*, 152 F.Supp.2d 1123, 1125-26 (S.D. Ind. 2001), (citing *Harmon v. OKI Systems*, 115 F.3d 477, 479-480 (7th Cir. 1997) (stating that the test is whether the evidence "sheds light on the situation which existed when the case was removed")).

[3]The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts they allege are true. *Scaccia v. Lemmie*, 236 F.Supp.2d 830, 834-35 (S.D. Ohio 2002) (*citing Gafford* 997 F.2d at 158).

amount in controversy in this matter exceeds $75,000.00. *Gafford* at 158.

The Court also finds Plaintiff's affidavit to be insufficient to defeat this Court's jurisdiction. The post-removal affidavit states only that he " will not accept an award greater [than $75,000.00]." There is no language in the affidavit indicating that Plaintiff will not seek more than $75,000.00 in damages. Plaintiff essentially concedes that the amount in controversy *could* exceed $75,000 and, as such, Plaintiff's affidavit is insufficient to defeat this Court's jurisdiction.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Rec. No. 20) is **DENIED**.

Dated this 13th day of July, 2005.

Signed By:

*Karen K. Caldwell*

**United States District Judge**